IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RYAN ANDREW MEHL, :
    Petitioner :
     : No. 1:17-cv-1437
    v. :
     : (Judge Rambo)
SCI FOREST, *et al.*, :
    Respondents :

## **MEMORANDUM**

Before the Court is Petitioner Ryan Andrew Mehl's Motion (Doc. No. 26), that the Court construes as a motion for reconsideration of this Court's August 20, 2018 Memorandum and Order dismissing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court will deny Mehl's Motion.

**I.    BACKGROUND**

On August 14, 2017, Mehl filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his convictions and sentences for sexual assault and two counts of indecent assault imposed by the Court of Common Pleas for York County. (Doc. No. 1.) Mehl raised the following claims for relief:

1. Whether the trial court erred when it denied Mehl's pre-trial suppression motion to exclude statements made by Mehl to the police;

2. Whether Mehl's trial counsel was ineffective;

1

3. Whether Mehl's constitutional rights were violated because of prosecutorial misconduct; and

4. Whether Mehl's constitutional rights were violated when the trial judge entered the jury room during deliberation and engaged in *ex parte* communications with the jury.

(*Id.*) Respondents filed a response to the § 2254 Petition on February 23, 2018. (Doc. No. 20.) Mehl did not file a traverse.

By Memorandum and Order entered on August 20, 2018, the Court dismissed Mehl's § 2254 Petition. (Doc. Nos. 24, 25.) The Court determined that Mehl was not entitled to relief on this third and fourth grounds because they were unexhausted and procedurally defaulted. (Doc. No. 24 at 4-8.) The Court further concluded that Mehl was not entitled to relief on his first and second grounds because the state courts had reasonably determined that they lacked merit. (*Id.* at 8-22.) This matter was closed on August 20, 2018. On March 11, 2019, Mehl filed his Motion, which is construed as a motion to reconsider the August 20, 2018 Memorandum and Order. (Doc. No. 26.)

On December 19, 2017, this Court issued a Memorandum and Order dismissing the habeas petition as moot because Petitioner was released by the Board on reparole and therefore, his petition no longer presented a live case or controversy; denying Petitioner's motion for leave to amend his prayer for relief as untimely pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"); and denying Petitioner's request to remain at the Federal Detention Center in

Philadelphia because the Court concluded that such a determination of placement in an appropriate housing facility rests with prison administrators. (Doc. Nos. 37, 38.) This matter was closed on December 18, 2017. On May 7, 2018, Petitioner filed a letter with the Court, which is construed as a motion to reconsider the December 19, 2017 Memorandum and Order. (Doc. No. 39.)

## II.     LEGAL STANDARD

A motion for reconsideration is a device of limited utility, which may "not be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citations omitted); *see also Baker v. Astrue*, Civ. No. 07-4560, 2008 WL 4922015, at *1 (E.D. Pa. Nov. 17, 2008). Rather, a court may alter or amend its judgment only upon a showing from the movant of one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate when a court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau*

*Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

## III. DISCUSSION

Mehl's Motion fails to meet the narrowly-defined factors governing motions for reconsideration, as it does not identify an intervening change in controlling law, provide any *evidence* that was not previously available to this Court, or show the need to correct a clear error of law or fact or prevent manifest injustice. Rather, Mehl reiterates his argument that his Fifth Amendment rights were violated when his statements to the police were suppressed and argues that he was illegally convicted because the entire case was built upon his statements. (*See* Doc. No. 26.) Accordingly, for the foregoing reasons, Mehl's Motion will be denied.

## IV. CONCLUSION

For the reasons set forth above, Mehl's Motion (Doc. No. 26), construed as a motion for reconsideration, will be denied.  An appropriate Order follows.


                                        <u>s/Sylvia H. Rambo</u>
                                        SYLVIA H. RAMBO
                                        United States District Judge

Dated: March 27, 2019